UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

COLONY INSURANCE COMPANY
and COLONY MANAGEMENT SERVICES, INC.                                    PLAINTIFF

V.                                                CIVIL ACTION NO. 5:11-CV-53-DPJ-FKB

D & S ENTERPRISES OF NATCHEZ,
MISSISSIPPI, L.L.C. d/b/a DOC BIGLOVES
and GWENDOLYN FORD                                                     DEFENDANTS

ORDER

This insurance-coverage dispute is before the Court on Defendant Gwendolyn Ford second Motion to Dismiss [10]. Colony Insurance Company and Colony Management Services, Inc. (collectively "Colony") have responded in opposition [11]. The Court, having fully considered the parties' submissions and the applicable law, denies Ford's motion.

I.   FACTS AND PROCEDURAL HISTORY

On December 24, 2009, Gwendolyn Ford was a patron of D & S Enterprises of Natchez, Mississippi, L.L.C. d/b/a Doc Bigloves ("Doc Bigloves"), a local club in the Natchez area. While there, Ford was assaulted by several other patrons. Ford filed a tort action in the Circuit Court of Adams County, Mississippi, against the alleged assailants, the owners of Doc Bigloves, and the City of Natchez, Mississippi. Colony insured Doc Bigloves under a general liability policy and initiated this declaratory-judgment action premising jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332 (2006).

Ford bases her motion to dismiss on four arguments: (1) lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; (2) lack of personal jurisdiction pursuant to Rule 12(b)(2); (3) failure to state a claim upon which relief can

be granted pursuant to Rule 12(b)(6) and Mississippi's "closing door" statute, Mississippi Code Annotated §79-4-15.02; and (4) failure to join a party pursuant to Rule 12(b)(7).

She raised these same arguments in a two-page motion [6] filed April 28, 2011.  But the Court dismissed the motion without prejudice for failure to provide a supporting memorandum of law as required by Local Rule 7(b)(4).  Order [8] May 10, 2011.  Ford now reurges her motion with a supporting memorandum addressing some—but not all—of her arguments.  Colony has responded in opposition, Ford waived reply, and the Court is prepared to rule.

II.     STANDARD OF REVIEW

Ford seeks dismissal pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7).  Both parties submitted record evidence.  The Court views the motion under Rule 12(b)(1) to be a facial attack on the sufficiency of the Complaint.  *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  The references to Rules 12(b)(2) and (7) are not explained and therefore ignored.  Finally, it appears that Ford references Rule 12(b)(6) regarding her claim that Colony is barred by the Mississippi "closing door" statute.  Because the record evidence is necessary to fully consider this argument, the Motion will be converted to a Rule 56 summary-judgment motion consistent with Rule 12(d).

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.   ANALYSIS

Review of the Complaint fails to demonstrate that Ford is entitled to relief for failure to join a party or for lack of personal jurisdiction. Regardless, Ford merely references the issues in her memorandum without argument or authority. The Court denied Ford's first motion to dismiss for failure to provide a memorandum of law and declines to further consider these unsupported positions. The Court will, however, address the remaining issues Ford briefed in her memorandum.

   A.   Foreign Corporation Claim

Ford first contends that Mississippi's "closing door" statute precludes Colony's suit because Colony has "been conducting business in the State of Mississippi without certificate of authority." Def.'s Mem. [10] at 3 (citing Miss. Code Ann. § 79-4-15.02(a)). Section 79-4-15.02(a) states: "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."

The question is whether this section applies to insurance companies, and Ford offers no analysis suggesting that it does. But the issue was addressed in *Northfield Insurance Co. v. Odom Industries, Inc.*, where another judge from this district and division held that section 79-4-15.02(a) was inapplicable to an insurance company under the same circumstances that exist in this case. 119 F. Supp. 2d 631 (S.D. Miss. 2000). In *Northfield Insurance Co.*, the court rejected the contention that

>the door closing statute [is] applicable to a foreign insurer such as Northfield, inasmuch as the qualification and licensing of insurers in this state is regulated by and through the Mississippi Department of Insurance, not the office of the Secretary of State, *see* Miss.Code Ann. § 83–21–1, and since Northfield, though not licensed by the Insurance Commissioner to conduct business generally, has been specifically authorized by the Insurance Commissioner to sell insurance in Mississippi on a nonadmitted basis . . . the door closing statute applicable to corporations generally, does not apply to Northfield.

119 F. Supp. 2d at 632–33.  The analysis is persuasive and distinguishes the only case Ford cites in her memorandum.  *See Miss. Ins. Guar. Ass'n v. Harkins & Co.*, 652 So. 2d 732, 737 (Miss. 1995) (analyzing section 79-4-15.02(a) as applied to corporation not engaged in the sale of insurance).  Colony has likewise been authorized to sell insurance in Mississippi and is not barred from filing suit in this state.

>B.     Direct Action Claim

Ford's final argument is that this Court lacks diversity jurisdiction.  Title 28 U.S.C. 1332(c)(1) states in relevant part that

>in any direct action against the insurer of a policy or contract of liability insurance, . . .  to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . . .

The threshold problem with Ford's argument is that "the statute by its terms applies only to a *direct action* 'against' the insurer.  The phrase 'direct action' is a term of art, and neither the statute nor the cases interpreting it support the view that it includes every action in which an insurance company is a party."  *Evanston Ins. Co. v. Jimco, Inc*., 844 F.2d 1185, 1188 (5th Cir. 1988) (emphasis added).  Simply put, "§ 1332(c)(1) [does] not bar a declaratory judgment action brought by an insurer seeking a declaration as to coverage."  *Id.* at 1189; *accord ASW Allstate Painting & Const. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 310 (5th Cir. 1999) (holding that

4

"our precedent establishes that a petition for declaratory relief is not such a direct action"); *Doe v. Sharma*, No. 3:07-cv-172-HTW-LRA, 2008 WL 3339942, at *5 (S.D. Miss. Aug. 6, 2008) ("As the matter before the court is a declaratory judgment action, Title 28 U.S.C. 1332(c)(1) does not apply."). Subject-matter jurisdiction exists.

IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that Ford's Motion to Dismiss [10] is denied. This Court has subject-matter jurisdiction under § 1332, diversity of citizenship. Therefore, the stay is lifted and the parties are directed to contact the magistrate judge to set the case for case management conference.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2011.

                         s/ *Daniel P. Jordan III*
                         UNITED STATES DISTRICT JUDGE